NOTICE

Decision filed 08/24/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 200101

NO. 5-20-0101

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| JOEL LINDER and LINDA LINDER, Individually and as Co-Special Administrators of the Estate of Robert H. Linder IV, Deceased, | ) ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiffs-Appellants, | ) ) ) | |
| v. | ) ) | No. 17-L-1655 |
| A.W. CHESTERTON COMPANY; BEAZER EAST, INC., Individually and as Successor to Koppers Company, Inc., and Successor-in-Interest to Theim Corporation and Universal Re-Fractories Company; BORGWARNER MORSE TEC LLC, as Successor-by-Merger to Borg-Warner Corporation; BRAKE SUPPLY COMPANY, INC.; CATERPILLAR, INC.; CATER-PILLAR GLOBAL MINING AMERICA, LLC, Individually and as Successor-in-Interest to Bucyrus America, Inc.; CENTRIFUGAL SERVICES, LLC, f/k/a Centrifigal Services, Inc.; CERAMIC TECHNOLOGY, INC.; CHICAGO PNEUMATIC TOOL COMPANY, LLC; CRANE CO.; FORD MOTOR COMPANY; GARDNER DENVER, INC.; GENUINE PARTS COMPANY; GIW INDUSTRIES, INC.; GOODRICH CORPORATION f/k/a The BF Goodrich Company; THE GOODYEAR TIRE & RUBBER COMPANY; GORMAN RUPP COMPANY; GSI DIVERSIFIED, INC., Individually and as Successor-in-Interest to A-L-M, Inc.; HONEYWELL INTERNATIONAL, INC., Individually and as Successor to AlliedSignal, Inc. and The Bendix Corporation; INGERSOLL-RAND COMPANY; ITT CORPORATION, Individually and as Successor-in-Interest to Fabri-Valve; JOHN CRANE, INC.; JOHN FABICK TRACTOR COMPANY; METRO- | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

1

POLITAN LIFE INSURANCE COMPANY; PNEUMO )
ABEX LLC, Individually and as Successor-by- )
Merger to Pneumo Abex Corporation, Successor- )
in-Interest to Abex Corporation, f/k/a )
American Brake Shoe Company, f/k/a )
American Brake Shoe and Foundry )
Company Including the American Brakeblok )
Division, Successor-by-Merger to the American )
Brakeshoe & Foundry Company )
and the American Brakeblok Corporation, )
f/k/a the American Brake Materials )
Corporation; RILEY POWER, INC.; and UNION )
CARBIDE CORPORATION, )
  )
    Defendants )    Honorable
  )    Stephen A. Stobbs,
(GIW Industries, Inc., Defendant-Appellee). )    Judge, presiding.

_____

JUSTICE MOORE delivered the judgment of the court, with opinion.
Presiding Justice Welch and Justice Overstreet concurred in the judgment and opinion.

**OPINION**

¶ 1    The plaintiffs, Joel Linder and Linda Linder, individually and as co-special administrators

of the estate of Robert H. Linder IV, deceased, appeal, pursuant to Illinois Supreme Court Rule

307(a)(1) (eff. Nov. 1, 2017), the March 10, 2020, order of the circuit court of Madison County,

which granted the motion of the defendant, GIW Industries, Inc. (GIW), for a protective order

prohibiting the plaintiffs from using, outside of this litigation, information contained in bills of

material that GIW was compelled to produce in discovery. For the following reasons, we affirm.

¶ 2                        BACKGROUND

¶ 3    This appeal arises from a lawsuit that the plaintiffs initiated against numerous entities in

2017. The plaintiffs allege, *inter alia*, that asbestos dust attributable to industrial pumps made by

GIW contributed to cause the decedent's terminal mesothelioma. In early 2018, GIW filed a

motion to dismiss for a lack of personal jurisdiction, arguing that it is a Georgia corporation with

2

its principal place of business in Georgia and had no contacts with Illinois to subject it to the circuit court's general jurisdiction. As to specific jurisdiction, GIW argued that it did not commit a tortious act within Illinois pursuant to section 2-209(a)(2) of the Code of Civil Procedure (Code) (735 ILCS 5/2-209(a)(2) (West 2018)) because its business records indicate that although it sold equipment to the decedent's employer, Peabody Coal Company (Peabody), its business records establish that the particular pumps it sold to Peabody did not contain asbestos. The circuit court denied GIW's motion to dismiss, finding that the plaintiffs had made a *prima facie* showing as to specific jurisdiction. GIW unsuccessfully sought leave to appeal before this court, the Illinois Supreme Court, and the United States Supreme Court.

¶ 4     In discovery, GIW produced "Bills of Material" for industrial pumps it sold to Peabody for the period relevant to the plaintiffs' case. These Bills of Material contained the manufacturing specifications and other information for each pump that was sold. According to the affidavit and deposition testimony of GIW's corporate representative, Ken Meyer, GIW employees typically recorded on each Bill of Material whether GIW's asbestos-containing packing (Tufpak 200) was specified for and/or shipped with a pump. According to Mr. Meyer, the absence of a "Tufpak 200" notation meant that a pump was shipped without and/or was not specified for asbestos-containing packing. Based on this information, GIW persisted in its argument that the circuit court lacked personal jurisdiction over it because it had not committed a tortious act in Illinois, and it requested that the circuit court hold an evidentiary hearing on the issue of personal jurisdiction. By order entered on January 3, 2020, the circuit court agreed to hold such a hearing after "jurisdictional discovery" was complete.

¶ 5     In response to GIW's theory that it did not sell asbestos-containing industrial pumps to Peabody in Illinois, the plaintiffs requested production of every Bill of Material created by GIW,

3

for every pump it ever sold, of any type, at any time, to any customer, anywhere throughout the world, and for any purpose or application. According to the plaintiffs, this information is necessary to test the credibility of Mr. Meyer's assertion that, if a pump contained Tufpak 200, it was always noted on the Bill of Material. GIW objected, maintaining that there were almost 5000 Bills of Material in its records, which it kept indefinitely, over the course of 100 years. By order dated February 11, 2020, the circuit court granted the plaintiffs' request in part, ordering GIW to produce all Bills of Material for pumps sold between 1967, the date it sold its first pump to Peabody, and 1986, the date it sold its last pump to Peabody.

¶ 6      On February 19, 2020, GIW filed a motion for a protective order, requesting that the circuit court prohibit the dissemination and use of the Bills of Material outside of this litigation. According to the motion, the Bills of Material contain proprietary information, representing a compilation of many years of association with its clients, along with highly detailed information about those clients' past purchases and buyer preferences. In addition, GIW contended that the Bills of Material contain technical information about each component part of its pumps. The plaintiffs objected to the protective order, arguing that the information contained in the Bills of Material is "stale" and that GIW's contentions that the information was proprietary and should be kept confidential were speculative, as it presented no evidence that disclosure would harm its commercial interests. While the plaintiffs vehemently argued that GIW had no legitimate need for a protective order, they did not articulate any specific purpose for which they needed or wanted to use the Bills of Material outside of this litigation.

¶ 7      The circuit court held a hearing on GIW's motion for a protective order on March 6, 2020. On March 10, 2020, the circuit court entered a written order. In its order, the circuit court emphasized the fact that it had authorized the discovery of the Bills of Material "as part of a

4

determination by the [c]ourt on the question of personal jurisdiction over [GIW] in this case." The circuit court concluded as follows:

> "Weighing the [p]laintiff[s'] need to publish the personal discovery material sought, at this stage in the proceedings, with [GIW]'s desire to protect its proprietary customer lists and sales records which may include products unrelated to the [p]laintiff[s'] claim, the [c]ourt finds [GIW]'s application for a protective order in this regard is well taken. Accordingly, [GIW]'s [m]otion is granted. The [p]laintiffs and their counsel may use the said material in this litigation, but not publish same to other [t]hird parties without any interest in this litigation, without consent of [GIW] or leave of [c]ourt."

¶ 8 On March 19, 2020, the plaintiffs filed a notice of interlocutory appeal in this court, pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017). On May 15, 2020, GIW filed a motion to stay or dismiss the appeal on the basis that this court lacks personal jurisdiction over GIW in this action. According to the motion, because the circuit court has not yet resolved the issue of *in personam* jurisdiction, this court lacks jurisdiction to determine the propriety of the circuit court's interlocutory order concerning discovery. In the alternative, GIW argues that issues of judicial economy "require deferral of this appeal" until the circuit court determines the issue of its personal jurisdiction over GIW. On June 15, 2020, this court entered an order taking GIW's motion with the case.

¶ 9                                        ANALYSIS

¶ 10 We begin by addressing GIW's motion to dismiss or stay this appeal pending the outcome of the circuit court's determination of its personal jurisdiction over GIW. After considering GIW's arguments, we find its jurisdictional analysis to be deficient. First, the circuit court's *in personam* jurisdiction over GIW is not required for this court to resolve this appeal. The plaintiffs, Illinois

5

residents who are subject to the *in personam* jurisdiction of the Illinois courts, seek review, pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017) of an order prohibiting them from disclosing information GIW is compelled to produce to the plaintiffs pursuant to Illinois Supreme Court Rule 201(*l*) (eff. July 1, 2014). The resolution of this appeal will not result in a judgment against GIW but instead governs the conduct of the plaintiffs. See *Skolnick v. Altheimer & Gray*, 191 Ill. 2d 214, 221 (2000) (a protective order is characterized as an injunction, which is " 'a judicial process operating *in personam* and requiring [a] person to whom it is directed to do or refrain from doing a particular thing' " (internal quotation marks omitted) (quoting *In re A Minor*, 127 Ill. 2d 247, 261 (1989))).

¶ 11 Second, GIW's contention, that the plaintiffs must prove that GIW committed a tortious act within the state of Illinois for the circuit court to exercise personal jurisdiction over GIW, is incorrect. While establishing that GIW committed a tortious act in the State of Illinois pursuant to section 2-209(a)(2) of the Code (735 ILCS 5/2-209(a)(2) (West 2018)) is one way to establish specific personal jurisdiction over GIW, it is not the only way. Pursuant to the "catchall" provision of section 2-209 of the Code (*id.* § 2-209(c)), a court may also exercise jurisdiction "on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." Under the Illinois Constitution and Constitution of the United States, "[s]pecific jurisdiction requires a showing that the defendant purposefully directed its activities at the forum state and the cause of action arose out of or relates to the defendant's contacts with the forum state." *Russell v. SNFA*, 2013 IL 113909, ¶ 40 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

¶ 12 Here, GIW does not dispute that it directly sold industrial pumps to Peabody at its two locations in Illinois. These are the pumps that the plaintiffs allege contained asbestos. This alone

6

is enough for the circuit court to exercise specific personal jurisdiction in this case. See *id.* GIW cites no authority, and we are aware of none, that requires a plaintiff to prove a product is defective to establish personal jurisdiction. Of course, the plaintiffs must prove that GIW's pumps contained asbestos to establish liability, but specific personal jurisdiction is established by a showing that the defendants purposefully sold the pumps that are the subject of this lawsuit in Illinois. See *id.* For these reasons, we deny GIW's motion to dismiss or stay.

¶ 13    We turn now to the sole issue on appeal, which is whether the circuit court erred in granting GIW's motion for a protective order. The parameters of our review of the circuit court's protective order have been stated by our supreme court as follows:

"Trial courts are invested with considerable discretion to supervise the course of discovery as the court deems appropriate. [Citation.] The flexibility enjoyed by trial courts in directing discovery extends to the entry of protective orders. [Citation.] Supreme Court Rule 201(c)(1) states:

'The court may at any time on its own initiative, or on motion of any party or witness, make a protective order as justice requires, denying, limiting, conditioning, or regulating discovery to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or oppression.' [Citation.]

The parameters of protective orders are entrusted to the court's discretion. [Citation.] We will alter the terms of a protective order only if no reasonable person could adopt the view taken by the circuit court." *Skolnick*, 191 Ill. 2d at 223-24.

¶ 14    Despite the plaintiffs' arguments to the contrary, there is no requirement that materials produced in discovery be "confidential" or contain "trade secrets" to be the subject of a protective order. Rather, "[p]rotective orders are a part of the arsenal of tools a court may use to oversee

discovery and prevent harassment," and "[t]he nature of a protective order depends on the facts of the particular case." *Hall v. Sprint Spectrum L.P.*, 368 Ill. App. 3d 820, 823 (2006). "[T]he trial court is in the best position to weigh the competing needs and interests of the parties affected by a protective order." *Id.* Accordingly, while this court has held that a circuit court abused its discretion in refusing to modify a protective order to allow for disclosure of information in a collateral regulatory proceeding (see *id.* at 826) and has affirmed a circuit court's decision to refuse a protective order (see *Willeford v. Toys "R" Us-Delaware, Inc.*, 385 Ill. App. 3d 265 (2008)), there is no authority in Illinois for this court to reverse a circuit court's decision to issue a protective order on the sole basis of the lack of confidentiality of the discovery materials at issue.

¶ 15    The protective order at issue simply requires that the plaintiffs seek leave of court before using the Bills of Material for purposes other than the present litigation. The plaintiffs have not sought leave of court to use the Bills of Material for any other purpose, nor have they articulated a competing need for use of the Bills of Material outside of this litigation. Should another purpose for the information subject to the protective order or a need for using the information outside of this litigation come to light, the plaintiffs remain free to seek leave of court to use the information or to move the court to modify the protective order. Without being presented with a competing need or interest of the plaintiffs for use of this information, this court cannot say that the circuit court abused its discretion in issuing the protective order.

¶ 16                                        CONCLUSION

¶ 17    For the foregoing reasons, we deny GIW's motion to dismiss or stay this appeal and affirm the circuit court's March 10, 2020, order.

¶ 18    Affirmed.

8

| | | |
|---|---|---|
| JOEL LINDER and LINDA LINDER, Individually and as Co-Special Administrators of the Estate of Robert H. Linder IV, Deceased,<br><br>    Plaintiffs-Appellants,<br><br>v.<br><br>A.W. CHESTERTON COMPANY; BEAZER EAST, INC., Individually and as Successor to Koppers Company, Inc., and Successor-in-Interest to Theim Corporation and Universal Re-Fractories Company; BORGWARNER MORSE TEC LLC, as Successor-by-Merger to Borg-Warner Corporation; BRAKE SUPPLY COMPANY, INC.; CATERPILLAR, INC.; CATER-PILLAR GLOBAL MINING AMERICA, LLC, Individually and as Successor-in-Interest to Bucyrus America, Inc.; CENTRIFUGAL SERVICES, LLC, f/k/a Centrifigal Services, Inc.; CERAMIC TECHNOLOGY, INC.; CHICAGO PNEUMATIC TOOL COMPANY, LLC; CRANE CO.; FORD MOTOR COMPANY; GARDNER DENVER, INC.; GENUINE PARTS COMPANY; GIW INDUSTRIES, INC.; GOODRICH CORPORATION f/k/a The BF Goodrich Company; THE GOODYEAR TIRE & RUBBER COMPANY; GORMAN RUPP COMPANY; GSI DIVERSIFIED, INC., Individually and as Successor-in-Interest to A-L-M, Inc.; HONEYWELL INTERNATIONAL, INC., Individually and as Successor to AlliedSignal, Inc. and The Bendix Corporation; INGERSOLL-RAND COMPANY; ITT CORPORATION, Individually and as Successor-in-Interest to Fabri-Valve; JOHN CRANE, INC.; JOHN FABICK TRACTOR COMPANY; METRO-POLITAN LIFE INSURANCE COMPANY; PNEUMO ABEX LLC, Individually and as Successor-by-Merger to Pneumo Abex Corporation, Successor-in-Interest to Abex Corporation, f/k/a | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Appeal from the<br>Circuit Court of<br>Madison County.<br><br><br><br><br>No. 17-L-1655 |

American Brake Shoe Company, f/k/a )
American Brake Shoe and Foundry )
Company Including the American Brakeblok )
Division, Successor-by-Merger to the American )
Brakeshoe & Foundry Company )
and the American Brakeblok Corporation, )
f/k/a the American Brake Materials )
Corporation; RILEY POWER, INC.; and UNION )
CARBIDE CORPORATION, )
                                                    )
    Defendants )    Honorable
                                                    )    Stephen A. Stobbs,
(GIW Industries, Inc., Defendant-Appellee). )    Judge, presiding.

---

**Opinion Filed:**        August 24, 2020

---

**Justices:**        Honorable James R. Moore, J.

                    Honorable Thomas M Welch, P.J., and
                    Honorable David K. Overstreet, J.
                    Concur

---

**Attorney for Appellants**    John L. Steffan IV, Maune, Raichle, Hartley, French & Mudd, LLC, 1015 Locust Street, Suite 1200, St. Louis, MO 63101

---

**Attorney for Appellee**    Paul B. O'Flaherty Jr., Gunty & McCarthy, 150 South Wacker Drive, Suite 2500, Chicago, IL 60606

---